ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>V.<br><br>IONA FOURNIER GÓMEZ<br><br>Peticionario | TA2025CE00647 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso Núm.:<br>ISCR202400612<br><br><br>Sobre:<br>Art. 274 CP |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Rivera Torres y el Juez Marrero Guerrero.

Marrero Guerrero, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 13 de noviembre de 2025.

Comparece ante nos la Sra. Iona Fournier Gómez (señora Fournier Gómez o peticionaria) y solicita que revisemos una *Resolución* emitida el 12 de agosto de 2025 por el Tribunal de Primera Instancia, Sala Superior de Mayagüez (TPI).[1] En dicha determinación, el TPI declaró No Ha Lugar una *Moción en Solicitud de Desestimación y que se Determine la Inconstitucionalidad del Artículo 274 del Código Penal de Puerto Rico,* presentada por la peticionaria el 27 de junio de 2024.

Por los fundamentos que expondremos a continuación, expedimos el auto de *certiorari* y confirmamos la *Resolución* recurrida.

### I.

Por hechos ocurridos el 9 de julio de 2023, el Ministerio Público presentó cuatro (4) *Denuncias* en contra de la señora Fournier Gómez por infringir los Artículos 199 B, 245, 284 y 274 del Código Penal de

---

[1] Entrada 2 del caso ISCR202400610-613 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC). Archivada y notificada el 14 de agosto de 2025.

Puerto Rico de 2012, 33 LPRA secs. 5269- 5377.[2] En lo pertinente, la denuncia por el Artículo 274 del Código Penal de 2012, 33 LPRA sec. 5367, expresaba lo siguiente:

> LA REFERIDA IMPUTADA, IONA FOURNIER GÓMEZ, ALLÁ EN O PARA EL DÍA 9 DE JULIO DE 2023 Y EN LAJAS: PUERTO RICO, QUE FORMA PARTE DE LA JURISDICCIÓN DEL TRIBUNAL DE PRIMERA INSTANCIA, SALA SUPERIOR DE MAYAGÜEZ, ILEGAL, VOLUNTAIRA, CRIMINALMENTE, EN COMÚN Y MUTUO ACUERDO CON: PEDRO AMENGUAL GUTIÉRREZ, IMALAY ARROYO SURITA, FRANCHESKA VÉLEZ RAMÍREZ, SHEILA MEJÍA LUCIANO, JUAN E. RODRÍGUEZ GONZÁLEZ Y OTRAS PERSONAS NO IDENTIFICADAS Y CON EL PROPÓSITO DE EJERCER UN DERECHO PRETENDIDO TOMARON LA JUSTICIA POR SÍ MISMOS EN LUGAR DE RECURRIR A LA AUTORIDAD PÚBLICA PERTINENTE. CONSISTENTE EN QUE ALEGANDO QUE LOS MANGLARES PERTENECEN AL PUEBLO SE PERSONARON A LA CASETA UBICADA EN EL SOLAR NÚMERO 27 DE LA PARGUERA EN LAJAS, PR Y MEDIANTE VIOLENCIA E INTIMIDACIÓN SOBRE LAS PERSONAS Y AUTORIDAD PÚBLICA Y UTILIZANDO LA FUERZA, DESMANTELARON Y COMETIERON DAÑOS A LA PROPIEDAD.
>
> HECHO CONTRARIO A LA LEY.

Celebrada la vista de causa para arresto, el 20 de julio de 2023 el foro primario determinó causa para arresto por los delitos imputados a la peticionaria. Culminada la vista preliminar correspondiente, el 24 de abril de 2024 el TPI determinó causa probable para acusar. Cónsono con lo anterior, el 24 de mayo de 2024, el Ministerio Público presentó las *Acusaciones* correspondientes.[3] Particularmente, por el Artículo 274, *supra*, la *Acusación* imputaba lo siguiente:

> La referida acusada, IONA FOURNIER GÓMEZ, allá en o para el día 9 de julio de 2023 y en Lajas; Puerto Rico, que forma parte de la Jurisdicción del Tribunal de Primera Instancia, Sala Superior de Mayagüez, ilegal, voluntaria, criminalmente, en común y mutuo acuerdo con: PEDRO AMENGUAL GUTIÉRREZ, IMALAY ARROYO SURITA FRANCHESKA VÉLEZ RAMÍREZ, SHEILA MEJÍA LUCIANO, JUAN E RODRÍGUEZ GONZÁLEZ Y OTRAS PERSONAS NO IDENTIFICADAS y con el propósito de ejercer un derecho pretendido tomaron la justicia por sí mismos en lugar de recurrir a

---

[2] *Íd.*, Entrada 1 de SUMAC.
[3] *Íd.*, Entrada 3 de SUMAC.

la autoridad pública pertinente. Consistente en que alegando que los manglares pertenecen al pueblo y que la caseta ubicada en el solar número 27 de La Parguera en Lajas, PR es ilegal se personaron allí y mediante violencia e intimidación sobre las personas y autoridad pública y utilizando la fuerza, desmantelaron y cometieron daños a la propiedad.

Así las cosas, el 27 de junio de 2024, la peticionaria presentó su *Moción en Solicitud de Desestimación y que se Determine la Inconstitucionalidad del Artículo 274 del Código Penal de Puerto Rico*.[4] En primer lugar, señaló que el concepto de "hacer justicia por sí mismo" no estaba expresamente definido en el Código Penal, por lo que el mismo conllevaba una amplitud excesiva e impermisible. Sostuvo que dicha frase podía abarcar una cantidad de situaciones, que dependían de lo que cada ciudadano entienda por justicia. De igual forma, manifestó que la frase era una expresión que no delimitaba la actividad legal y, que una persona de inteligencia promedio no podía entender exactamente la conducta prohibida. Por ello, razonó que dicha frase era una vaga y que infringía el derecho al debido proceso de ley. En virtud de lo anterior, solicitó que se declarara inconstitucional el Artículo 274, *supra*, y, en consecuencia, se desestimara el cargo por la infracción a dicho Artículo.

En desacuerdo, el 24 de julio de 2024, el Ministerio Público presentó su *Oposición a Moción Solicitando Desestimación y la Inconstitucionalidad del Artículo 274 del Código Penal de Puerto Rico*.[5] Mediante dicha comparecencia, adujo que la frase "hacer justicia por sí mismo", se refería a circunstancias en que la persona debió recurrir a la autoridad para hacer valer su derecho. Es decir, el propósito de dicha frase era prohibir que una persona se subrogara en los zapatos del Estado en su deber de mantener el orden público. Finalmente, enfatizó que cualquier persona de inteligencia promedio conocía lo qué implicaba "hacer justicia por sí misma".

---

[4] *Íd.*, Entrada 4 de SUMAC.
[5] *Íd.*, Entrada 5 de SUMAC.

Luego de examinar las posturas de las partes, el 12 de agosto de 2025 el TPI emitió su *Resolución* declarando No Ha Lugar la *Moción en Solicitud de Desestimación y que se Determine la Inconstitucionalidad del Artículo 274 del Código Penal de Puerto Rico.*[6] En esencia, el foro primario determinó que, el Artículo 274 del Código Penal, *supra*, no adolece de vaguedad ni infringe las exigencias del debido proceso de ley. Enfatizó que, dicho artículo cumple con el principio de legalidad, pues una persona común podía comprender razonablemente que "hacer justicia por sí mismo en vez de acudir a la autoridad está proscrito por la Ley; específicamente por el Art. 274 del Código Penal de Puerto Rico, supra." A su vez, aclaró que, el lenguaje de dicho Artículo no trataba sobre un término estrictamente legal ajeno al lenguaje coloquial de nuestro País. Por tanto, concluyó que el estatuto cumplía con el deber de informar la conducta prohibida y, que una persona con inteligencia promedio quedaba advertida de la conducta proscrita. Así pues, determinó que el estatuto no infringía derechos fundamentales ni se prestaba a la aplicación arbitraria y discriminatoria.

Inconforme con la determinación del TPI, el 29 de agosto de 2025, la señora Fournier Gómez presentó su *Moción en Solicitud de Reconsideración* en la cual reiteró los planteamientos de la moción de desestimación.[7] Sostuvo que la conducta prohibida en el Artículo 274, *supra*, era un concepto y no un hecho. Por otra parte, arguyó que dicho Artículo se prestaba para que el Tribunal emitiera diferentes determinaciones, por lo que adolecía de vaguedad.

En respuesta, el 19 de septiembre de 2025, el Ministerio Público presentó su *Oposición a Moción de Reconsideración.*[8] Allí, reafirmó que el Artículo 274, *supra*, establecía en qué consistía la

---

[6] *Íd.*, Entrada 2 de SUMAC. Notificada el 14 de agosto de 2025.
[7] *Íd.*, Entrada 6 de SUMAC.
[8] *Íd.*, Entrada 8 de SUMAC.

conducta tipificada como delito, por lo que concluir que dicho Artículo era vago por no definir lo que significaba justicia era desvirtuar la realidad. Considerados los argumentos de las partes, el 22 de septiembre de 2025 el TPI declaró No Ha Lugar la solicitud de reconsideración presentada.

Inconforme aún, el 20 de octubre de 2025, la señora Fournier González presentó la *Petición de Certiorari* que nos ocupa en la que planteó que el foro primario incidió en cometer el siguiente error:

> Incidió el Tribunal de Primera Instancia de Puerto Rico, Sala Superior de Mayagüez (Hon. Richard Rosado Jiménez, Juez), al determinar que el Artículo 274 del Código Penal de Puerto Rico no es inconstitucional, a pesar de que es una disposición de la ley penal que adolece de vaguedad y se presta a la aplicación arbitraria de la ley, por lo que resulta en una contraria al debido proceso de ley.

En esencia, la peticionaria reiteró que el Artículo 274 del Código Penal, *supra*, adolecía de vaguedad absoluta y era inconstitucional, puesto que infringía los principios del debido proceso de ley. Específicamente, alegó que, dicho Artículo no advertía cuál era el acto prohibido y su interpretación era subjetiva, por lo que podía aplicarse de manera arbitraria y discriminatoria. Finalmente, destacó que el concepto de "hacer justicia por sí mismo" era un concepto general y no un hecho particularmente prohibido.

El 3 de noviembre de 2025, el Ministerio Público, por medio de la Oficina del Procurador General, presentó su *Escrito en Cumplimiento de Orden*. En síntesis, sostuvo que la ausencia de una definición sobre un elemento del delito o de una palabra contenida en el delito imputado no implicaba que este fuera vago para efectos del procesamiento criminal. A su vez, planteó que, requerir a la Asamblea Legislativa que contemplara la infinidad de hechos particulares que podían formar parte de la conducta delictiva resultaría en leyes extensas. De igual forma, manifestó que una ley penal no era nula por defecto de vaguedad debido a que requería

interpretación, pues toda ley requiere ser interpretada. Por otra parte, alegó que el texto del delito no se limitaba a penalizar el "hacer justicia por sí mismo", sino que exigía que la persona actuara con el propósito de hacer valer un derecho existente y, para hacerlo valer, tenía que acudir a los organismos estatales correspondientes. Indicó que, mediante este delito, el Estado procuró establecer su autoridad jurisdiccional para impartir y administrar la justicia, de modo que la autoridad en cuestión no pueda ser ejercida por manos privadas.

**II.**

**-A-**

El *certiorari* es un recurso extraordinario cuya característica se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *McNeil McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403-404, (2021); *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020. Este Tribunal tiene la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del TPI. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008).

Por su parte, la Regla 40 del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025), R. 40, prescribe los criterios que debemos tomar en consideración al momento de determinar si expedimos o denegamos el auto solicitado:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

De no estar presente algunos de estos criterios, corresponde abstenernos de expedir el auto de *certiorari*.

**-B-**

Tanto en la Constitución del Estado Libre Asociado de Puerto Rico como en la Constitución de los Estados Unidos de América se reconoce el derecho fundamental al debido proceso de ley. Const. EE. UU., Emdas. V y XIV LPRA, Tomo 1; Const. P.R. Art. II, Sec. 7; *González Segarra et al. v. CFSE*, 188 DPR 252 (2013); *Domínguez Castro et al. v. ELA*, 178 DPR 1 (2010). Particularmente, la Carta de Derechos de la Constitución de Puerto Rico establece que, [n]inguna persona será privada de su libertad o propiedad sin [el] debido proceso de ley, ni se negará a persona alguna en Puerto Rico la igual protección de las leyes. Art. II, Sec. 7, Const. P.R. Como bien conocemos, el debido proceso de ley tiene dos vertientes: la sustantiva y la procesal. *Rodríguez v. E.L.A.*, 130 DPR 562, 575 (1992). En su vertiente procesal, el debido proceso de ley se refiere al derecho de toda persona a tener un proceso justo y con todas las garantías que ofrece la ley, tanto en el ámbito judicial como en el administrativo. *Aut. Puertos v. HEO*, 186 DPR 417 (2012); *Calderón Otero v. C.F.S.E.*, 181 DPR 386, 398 (2011).

Mientras que, en su modalidad sustantiva, el debido proceso de ley persigue proteger los derechos fundamentales de la persona. *Domínguez Castro et al. v. E.L.A. I*, pág.44. Es decir, los tribunales examinan la validez de una ley al amparo de la Constitución. Íd., pág. 394. A su vez, esta vertiente impide que el Estado apruebe leyes o realice alguna actuación que afecte de

manera irrazonable, arbitraria o caprichosa los intereses de propiedad o libertad de los individuos. Íd. págs. 394-395.

### -C-

El principio de legalidad queda recogido en nuestro Código Penal en su Artículo 2, y lee como sigue:

> No se instará acción penal contra persona alguna por un hecho que no esté expresamente definido como delito en este Código o mediante ley especial, ni se impondrá pena o medida de seguridad que la ley no establezca con anterioridad a los hechos. No se podrán crear ni imponer por analogía delitos, penas ni medidas de seguridad. 33 LPRA sec. 5002.

En apoyo a lo anterior, el Tribunal Supremo de Puerto Rico ha establecido que, para que haya delito es necesario que exista, conforme al principio de legalidad, una ley que prohíba u ordene una acción. Esa acción o conducta debe ser adecuadamente definida en la ley, de modo tal que constituya la situación típica que, de ser realizada, y de ser antijurídica y culpable, equivalga a la imposición de una pena. *Pueblo v. APS Healthcare of P.R.* 175 DPR 368, 380-381 (2009).

La doctrina de vaguedad prohíbe la aplicación en contra de una persona de una ley o reglamento cuyos términos no revelan clara y adecuadamente cuál es la conducta que se prohíbe realizar. *Pueblo v. Hernández Colón*, 118 DPR 891 (1987). Es decir, cuando el contenido de un estatuto penal en principio desorienta el poder del Estado para regular una conducta determinada por razón de la imprecisión en su articulación, este resulta susceptible de ser impugnado al amparo de la doctrina de vaguedad. *Pueblo v. García Colón I*, 182 DPR 129 (2011).

Así pues, el Tribunal Supremo ha determinado que una ley adolece de vaguedad si: (1) una persona de inteligencia promedio no queda debidamente advertida del acto u omisión que el estatuto pretende prohibir y penalizar; (2) se presta a la aplicación arbitraria y discriminatoria, e (3) interfiere con el ejercicio de derechos

fundamentales garantizados por la constitución. *Pueblo v. Arlequín Vélez,* 204 DPR 117 (2020); *Pueblo v. APS Healthcare of P.R.* 175 DPR 378 (2009).

**-D-**

El Artículo 274 titulado **_Justicia por sí mismo_**, está ubicado en el título IV- Delitos Contra la Función Gubernamental-Capítulo II, Delitos Contra La Función Judicial, del Código Penal de Puerto Rico de 2012, *supra.* El mismo dispone lo siguiente:

> Toda persona que con el propósito de ejercer un derecho existente o pretendido, haga justicia por sí misma en lugar de recurrir a la autoridad pública, incurrirá en delito menos grave.

> Si comete el delito mediante violencia o intimidación en las personas o fuerza en las cosas, será sancionada con pena de reclusión por un término fijo de tres (3) años.

Respecto al citado Artículo, la profesora Dora Neváres Muñiz explica que, una de las premisas básicas del Estado es que este tiene la autoridad jurisdiccional para impartir y administrar justicia, y que la misma no puede dejarse en manos privadas. Ello, pues existe un interés público en impedir que los ciudadanos utilicen violencia para hacerse justicia según ellos la ven, además de que es un fin del Estado mantener la paz pública. D. Nevares Muñiz, *Código Penal de Puerto Rico Comentado,* 4ta ed. rev., San Juan, Instituto para el Desarrollo del Derecho, Inc., 2019, pág. 424. Por tanto, aquella persona que desee que se haga justicia, deberá hacerlo a través de los organismos jurisdiccionales competentes y de las formas legales contempladas. Íd. Nuestro Tribunal Supremo hace referencia a la odiosa práctica de tomarse la justicia en sus manos, aunque se pueda hacer sin emplear violencia, ni fuerza y sin provocar una alteración a la paz. *Cuebas v. Cancel,* 88 DPR 220 (1963). Por tanto, la ley no reconoce a ningún ciudadano el derecho a hacerse justicia por sí mismo. *Pueblo v. Ortiz,* 59 DPR 60 (1941).

Respecto a los elementos del Artículo 274, *supra*, la profesora Dora Neváres Muñiz explica que, [l]os elementos del tipo consisten en ejercer un derecho existente o pretendido, en circunstancias en que debió haberse recurrido a la autoridad pública para hacer valer tal derecho. Si se utiliza, además, intimidación o violencia en las personas o fuerza en las cosas, el delito es de naturaleza grave. D. Nevares Muñiz, *Código Penal de Puerto Rico Comentado, supra*, pág. 424. Por último, destaca que, el que la persona en realidad tenga derecho a lo que se pretende hacer valer por sus propias manos no es defensa a este delito, por cuanto la forma, reconocida en nuestro ordenamiento jurídico de hacer valer un derecho es a través de los organismos creados para ello por el Estado. Íd. págs. 424-425.

**III.**

En el presente caso, la peticionaria planteó que el TPI incidió al determinar que el Artículo 274 del Código Penal de Puerto Rico, *supra*, no era inconstitucional. Ello a pesar de que, según sostiene, el mismo constituye una disposición penal que adolece de vaguedad y se presta para la aplicación arbitraria de la ley, por lo que su aplicación resulta en una contraria al debido proceso de ley.

Según podemos apreciar, el Artículo 274 del Código Penal, *supra*, no adolece de vaguedad ni violenta el debido proceso de ley. Cualquier persona o una persona con inteligencia promedio y que carezca de conocimientos legales puede comprender el significado de "hacer justicia por sí mismo" tipificado en la disposición legal impugnada. Así pues, estamos de acuerdo con el TPI en que el estatuto cumple con el deber de informar o advertir la conducta prohibida. A saber, se advierte a la ciudadanía que el ejercer un derecho existente o pretendido, en circunstancias en que debió haberse recurrido a la autoridad pública para hacer valer tal derecho constituye un delito y como tal será sancionado. Por tanto, contrario

a lo expuesto por la señora Fournier Gómez, concluimos que el Artículo 274, *supra*, no adolece de vaguedad.[9]

Dicho lo anterior, y examinado detenidamente el expediente del recurso ante nuestra consideración, procede que confirmemos la determinación recurrida.

**IV.**

Por los fundamentos que anteceden, se expide el auto de *certiorari* y se confirma la Resolución recurrida.   Al amparo de la Regla 211 de Procedimiento Criminal, Regla 211 de Procedimiento Criminal, 34 LPRA Ap. II,R, dejamos sin efecto la suspensión de los procedimientos, por lo que el Tribunal de Primera Instancia puede proceder de conformidad con lo aquí resuelto, sin que tenga que esperar por nuestro mandato.[10]

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[9] Rechazamos que sea necesario, para efectos de advertir a la ciudadanía sobre la conducta prohibida por el Artículo 274 del Código Penal, que en el mismo sea definido el término *"justicia"*.  Como es sabido, este concepto ha sido y será fuente de múltiples reflexiones y argumentaciones.  Sin embargo, y evidentemente, de dichas consideraciones no es que trata la clara disposición legal impugnada.

[10] La Regla 211 de Procedimiento Criminal, *supra*, establece:

> En situaciones no previstas por la ley, estas reglas o las reglas que apruebe el Tribunal Supremo, tanto éste como el Tribunal de Circuito de Apelaciones, encauzarán el trámite en la forma que a su juicio sirva los mejores intereses de todas las partes.  Queda reservada la facultad del Tribunal Supremo y del Tribunal de Circuito de Apelaciones para prescindir de términos, escritos o procedimientos específicos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho.